UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> QIYAO YUAN, ) <br> ) <br> Defendant. ) <br> ) | Criminal No.: 06-0104-01 (ESH) |

### DEFENDANT'S MOTION TO CLARIFY SENTENCE

COMES NOW the Defendant, Qiyao Yuan, by and through counsel, G. Allen Dale, and respectfully moves this Court to issue an order clarifying the sentence imposed on October 13, 2006. In support of this motion the Defendant respectfully states:

On October 13, 2006, Mr. Yuan appeared before this court for sentencing. The Court determined that the advisory guideline range fell at a criminal history category I and at an offense level of 13, providing for an advisory range from twelve to eighteen months.

The Court sentenced Mr. Yuan to twelve months incarceration to be followed by two years of supervised release. The Court stated that Mr. Yuan was not a threat to flee, nor was he a threat to the community, and allowed him to self-surrender. The Court also, based upon the same findings, advised that it would recommend to the Bureau of Prisons that Mr. Yuan be placed in a halfway house to serve his sentence.

Mr. Yuan reported to the probation office later in the day and was advised that he would more than likely not be placed in a halfway house because the Court had recommended "placement in a half way house if necessary."

Evidently, the probation officer in court understood this court to make such a statement and reduced that to writing. See Exhibit I, Disposition Form - U.S. probation office.

While we do not have a copy of the transcript of sentencing, below signed counsel does not recall the Court making the statement that it was recommending a halfway house **if necessary** (emphasis added), but rather simply that the Court stated it would recommend placement in a halfway house for service of the sentence.

Federal Rule of Criminal Procedure 35 (a) allows the Court, within seven days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error."

The defendant and this counsel were left with the clear impression when we left the sentencing hearing on October 13, 2006, that this Court was recommending to the Bureau of Prisons that Mr. Yuan's sentence be served in a halfway house because that was the desire of the Court. Given the confusion, especially as it relates to the probation office, which will pass along the sentencing information to the Bureau of Prisons, we respectfully pray that the Court clarify its sentence.

In particular, if it is the desire of this Court that Mr. Yuan be sentenced to twelve months incarceration and that he serve that twelve months in a half way house, and then be placed on supervised release for two years, the Court can easily correct the technical error by sentencing Mr. Yuan to a term of three years probation conditioned upon the first

twelve months of the three years being served in a half way house. This sentence would ensure that the Court's intended sentence be implemented and not left to the interpretation of others. It would mean that Mr. Yuan would serve twelve months in a half way house and then would have another two years of supervision, which is exactly what the Defendant believed the Court meant when it imposed sentence.

Wherefore, the Defendant respectfully prays that the court grant his motion and direct the clerk to enter the appropriate judgment and commitment order.[1]

Respectfully submitted,

___/s/_____
G. Allen Dale
Bar number: 954537
601 Pennsylvania Avenue, NW
North Buildling, 9th Floor
Washington, DC 20004-2601
Telephone: 202-628-4199
Facsimile: 202-628-4177

---

[1] We have not yet received the judgment and commitment order. Our experience has been that these usually lag behind sentencing by one to two weeks. Rule 35 (a) mandates that the correction in sentence occur within 7 days of sentencing. For that reason the motion is filed without the benefit of the judgment and commitment order.